No. **25-50771**

# In The United States Court of Appeals for the Fifth Circuit

Glass, Lewis & Company, L.L.C.,

*Plaintiff-Appellee*,

v.

Ken Paxton, Attorney General, State of Texas,

*Defendant-Appellant,*

Texas Stock Exchange, L.L.C.; Texas Association of Business,

*Intervenor Defendants-Appellants,*

On Appeal from the United States District Court for the Western District of Texas

### UNOPPOSED MOTION FOR VOLUNTARY DISMISSAL

Brinton Lucas
  *Counsel of Record*
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC  20001.2113
+1.202.879.3939
blucas@jonesday.com

*Counsel for Intervenor Defendants-Appellants*

In accordance with Federal Rule of Appellate Procedure 42(b) and Fifth Circuit Rule 42.1, Intervenor Defendants-Appellants move to dismiss this interlocutory appeal. In support, Intervenors show the Court as follows:

**1.** On August 29, 2025, the district court entered a docket-text order granting the preliminary injunction underlying this interlocutory appeal. It then set trial for February 2, 2026. *See* ECF 47 (Scheduling Order).

**2.** This Court holds that the issuance of a final judgment during an interlocutory appeal's pendency moots that interlocutory appeal. *See, e.g.*, *Satanic Temple, Inc. v. Tex. Health & Human Serv. Comm'n*, 79 F.4th 512, 514-15 (5th Cir. 2023) (dismissing interlocutory appeal of preliminary injunction as moot because the district court issued a final judgment during the interlocutory appeal's pendency). To the extent that parties "want to litigate further any further issues that were raised in the preliminary injunction motion and remain live, they may do so in [an] appeal from the district court's final judgment." *Id.* at 515 (citing *Scheff v. Banks*, No. 22-2439-CV, 2023 WL 4715174, at *2-3 (2d Cir. July 25, 2023)).

**3.** A briefing notice has yet to be issued for this interlocutory appeal. Thus, Intervenors move to voluntarily dismiss this appeal because it is highly unlikely to be fully briefed, argued, and disposed of by this Court before the

issuance of a final judgment resulting from the February 2026 trial. *See Satanic Temple, Inc.*, 79 F.4th at 514-15.

**4.** The parties will each bear their own fees and costs associated with this appeal.

**5.** Counsel for Intervenors conferred with counsel for Plaintiff-Appellee prior to filing this motion and was informed that the motion is unopposed.

## CONCLUSION

For the foregoing reasons, the Court should direct to the clerk to enter an order of dismissal pursuant to Federal Rule of Appellate Procedure 42(b) and Circuit Rule 42.1.

November 24, 2025                                   Respectfully submitted,

/s/ Brinton Lucas
Brinton Lucas
  *Counsel of Record*
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC  20001.2113
+1.202.879.3939
blucas@jonesday.com

*Counsel for Intervenor Defendants-Appellants*

**CERTIFICATE OF CONFERENCE**

On November 18, 2025, counsel for Intervenor Defendants-Appellants conferred with Grant Martinez, counsel for Plaintiff-Appellee, who confirmed that Plaintiff-Appellee is unopposed to the relief requested in this motion

/s/ Brinton Lucas
BRINTON LUCAS

**CERTIFICATE OF COMPLIANCE**

This motion complies with: (1) the type-volume limitation of Rule 27(d)(2)(A) because it contains 303 words, excluding the parts exempted by Rule 27(a)(2)(B); and (2) the typeface and type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook Std) using Microsoft Word (the program used for word count).

/s/ Brinton Lucas
BRINTON LUCAS